**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JESSIE CRITTINDON et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARLIN GUSMAN et al., <br><br> Defendants. | Case No. 3:17-cv-00512-SDD-EWD |

c/w

| | |
|---|---|
| EDDIE COPELIN et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARLIN GUSMAN et al., <br><br> Defendants. | Case No. 3:17-cv-00602-BAJ-EWD |

**PLAINTIFFS' SUR-REPLY MEMORANDUM IN RESPONSE TO
DPS&C DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

In their Reply in Support of Motion for Summary Judgment, Defendants James LeBlanc, Perry Stagg, and Angela Griffin (collectively referred to as "DPS&C Defendants") cite to fourteen (14) decisions from Federal district courts in Texas, Louisiana, and Mississippi in support of their argument that Plaintiffs' claims should be barred by Heck v. Humphrey and its favorable termination requirement. In citing to these cases, the DPS&C Defendants assert that courts "have found that Heck applies to a plaintiff's claims of illegal imprisonment."[1] But each of these newly-

---

[1] Rec. Doc. 149.

cited cases is easily distinguished from the claims before this Court, and Plaintiffs' suit is not barred by Heck.[2]

In the case before this Court, Plaintiffs challenge neither their convictions nor their sentences, and their claims, if successful, will not demonstrate or imply the invalidity of any criminal judgment or imposed sentence. Importantly, the DPS&C Defendants themselves have established and confirmed the lawful release date for each Plaintiff.[3] The rights violations established by Plaintiffs are based on their imprisonment for months beyond these lawful release dates. Where Plaintiffs do "not take issue with [their] criminal judgment of conviction or the sentence rendered, but, rather, challenge[] the constitutionality of the administration of [their] release after [they] had served [their] sentence,"[4] Heck's procedural bar is inapplicable.

By contrast, in each of the cases newly-cited by the DPS&C Defendants, the plaintiffs sought to contest their calculated date of release through suits brought pursuant to Section 1983. As briefly described below, where a 1983 claim challenges the amount of credit awarded towards a plaintiff's sentence and/or his calculated release date, courts have applied Heck:[5]

- Gurrola v. Perry: plaintiff challenged denial of earned good time and Department's failure to credit sentence and issue release; challenge to current confinement must be brought in habeas;

- Redo v. BOT Warehouse Classification Dep't: plaintiff challenged TDCJ and parole board's denial of consideration for mandatory supervised release; Heck applied to attack on viability of probation or parole proceedings;

---

[2] See previous briefing in Rec. Doc. 142 at 3-8.
[3] See Rec. Doc. 111-1 at 15-19.
[4] Traweek v. Gusman et al., No. 19-1384, 2019 WL 5430590, at *5 (E.D. La. Oct. 23, 2019) (finding Heck does not bar plaintiff's claim that he was imprisoned three weeks beyond his court-ordered release date: "By seeking to impose the Heck procedural bar to Mr. Traweek's claims, the defendants emphasize form over substance, begin from a faulty assumption, and ignore a critical component of Heck that is absent here.").
[5] The DPS&C Defendants provided citations to these cases in Rec. Doc. 149 at 3 n.8-10. In their Reply, the DPS&C Defendants also expanded their discussion of Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000), a case which they previously cited in their Memorandum in Support of Motion for Summary Judgment regarding Heck's favorable termination requirement. Rec. Doc. 110-1 at 11, n.65. But as with these newly-cited cases, the court's opinion in Randell is distinguishable from the case before this Court, as the plaintiff in that case sought to challenge the failure of the defendants to award him credit for time served.

- Gaddis v. Beaumont: plaintiff challenged "unconstitutional calculation of his sentence," and claim should be pursued in habeas;

- Whitehurst v. Reese: plaintiff challenged denial of credit towards sentence under 18 U.S.C. § 3585(b), credit for prior custody;

- Humphrey v. Stephens: plaintiff alleged miscalculation of his mandatory release date;

- Householder v. Dallas County: plaintiff alleged defendants had not properly credited his sentence with time he previously served in shock probation, and that defendants had given him a release date past the date he should be released;

- Reed v. Chief United States Marshal: plaintiff challenged miscalculation of sentence and failure to credit time in pretrial detention;

- Sam v. Avoyelles Correctional Center: plaintiff alleged detention beyond his good time release date where sex offender residence plans had been rejected;

- Fox v. Terrell: plaintiff alleged denial of credit for time served, and therefore claim implicated validity of administrative findings;

- Adger v. LeBlanc: plaintiff challenged "confiscation" of accrued good time credits toward early release, and sought restoration of credits and immediate release;

- Davis v. LeBlanc: plaintiff challenged conviction on disciplinary charge and sanction of loss of good time credits;

- Carlisle v. Normand: plaintiff alleged receipt of "excessive sentences" from drug court for failure to comply with terms of program;

- Hudson v. Mississippi: plaintiff challenged improper revocation of post-release supervision and resulting incarceration; and

- Loucks v. Epps: plaintiff challenged failure of Department of Corrections to place him in "trusty status" or provide him with good time or earned time credits due to improper classification of offense.

Unlike these cases, here, Plaintiffs do not seek any change to the DPS&C-calculated length of their legal detention. Rather, they seek damages for the DPS&C Defendants' failure to honor the terms of their sentences and release them from imprisonment once such legal authority had expired. In direct opposition to the cases cited in the DPS&C Defendants' Reply, in this case, it is

3

Plaintiffs, not the DPS&C Defendants, who seek to enforce their court-ordered and DPS&C-calculated sentences.

Thus, these newly-cited cases do not support the DPS&C Defendants' contention that this Court must bar Plaintiffs' claims pursuant to Heck and its favorable termination requirement. "[T]he reasoning underlying Heck's favorable termination prerequisite is simply not implicated: it would be illogical to require [Plaintiffs] to first seek to invalidate [their] conviction[s] or sentence[s] in order to proceed with this lawsuit."[6]

For these reasons, and for the reasons stated in Plaintiffs' previous Memorandum in Opposition to DPS&C Defendants Motion for Summary Judgment (Rec. Doc. 142), Plaintiffs' claims are not barred by Heck.

>Respectfully submitted,
>
>*/s/ Emily M. Washington*
>Emily M. Washington, La. Bar No. 34143, T.A.
>James W. Craig, La. Bar No. 33687
>Roderick & Solange MacArthur Justice Center
>4400 S. Carrollton Ave.
>New Orleans, LA 70119
>(504) 620-2259 (p)
>(504) 208-3133 (f)
>emily.washington@macathurjustice.org
>jim.craig@macarthurjustice.org
>
>*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2019, I filed the above document using the Court's ECF system, providing notice to all counsel of record in this action.

>*/s/ Emily M. Washington*

---

[6] Traweek v. Gusman et al., No. 19-1384, 2019 WL 5430590, at *5 (E.D. La. Oct. 23, 2019).