# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JESSIE CRITTINDON, ET AL.

CIVIL ACTION

VERSUS

17-512-SDD-EWD

MARLIN GUSMAN, ET AL.

## RULING

This matter is before the Court on the *Motion to Dismiss Under Federal Rule of Civil Procedure 12(c)*[1] filed by Defendant, Sheriff Marlin N. Gusman ("Sheriff Gusman"). Plaintiffs Jessie Crittindon, Leon Burse, Eddie Copelin, Phillip Dominick III, and Donald Guidry (collectively, "Plaintiffs") filed an *Opposition*[2] to the motion. For the reasons that follow, Sheriff Gusman's motion shall be DENIED.

Plaintiffs are former prisoners who allege that they were held in custody for months beyond their legal term of imprisonment. In their *Complaints*,[3] they bring four claims against Sheriff Gusman: (1) violation of their federal due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (2) violation of their state due

---

[1] Rec. Doc. No. 93.
[2] Rec. Doc. No. 113.
[3]3 Rec. Doc. No. 1; Rec. Doc. No. 4; No. 17-602, Rec. Doc. No. 1. This case began as two separate cases -- 17-cv-512 (with Plaintiffs Crittindon and Burse) and 17-cv-602 (with Plaintiffs Copelin, Dominick III, and Guidry) -- which were consolidated on October 18, 2017. (Rec. Doc. No. 23).
58875

process rights under Article 1, Section 2 of the Louisiana Constitution; and (3) and (4), state law claims for false imprisonment and intentional infliction of emotional distress.

Sheriff Gusman previously filed *Motions to Dismiss*[4] as to all Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed both *Motions*[5] and the Court set the matter for hearing on September 18, 2018.[6] After oral argument, the Court denied Sheriff Gusman's *Motions* with respect to the state law claims and the official capacity claims under 42 U.S.C. § 1983. As for the individual capacity claims against Sheriff Gusman, the Court found that the Plaintiffs had successfully pleaded facts that, if true, would overcome the defense of qualified immunity.[7]

Sheriff Gusman filed this new *Motion to Dismiss*[8] on July 26, 2019. He acknowledges that it is his second bite at the apple. "Although this Court originally denied Sheriff's Motion to Dismiss with respect to the official capacity and state law claims," he explains, "the Sheriff now urges the Court to consider that he was not the 'final policymaker' during the majority of the time of the incident in question, and thus the Plaintiff cannot sustain a *Monell* claim against him."[9] Specifically, Sheriff Gusman asserts that although the sheriff is *typically* the policymaker in § 1983 cases, that general principle does not apply here because Judge Africk in the Eastern District of Louisiana previously appointed a "Compliance Director" who has "final authority to operate the Orleans Parish Jail."[10]

---

[4] Rec. Doc. No. 50; No. 17-602, Rec. Doc. No. 21.
[5] Rec. Doc. No. 58; Rec. Doc. No. 67.
[6] Rec. Doc. No. 78.
[7] *Id*.
[8] Rec. Doc. No. 93.
[9] Rec. Doc. No. 93-1, p. 4.
[10] Rec. Doc. No. 93-1, p. 16.

58875

Plaintiffs take issue with what they see as Sheriff Gusman's attempt to re-litigate matters already decided by this Court at the September 2018 hearing, stating: "Gusman's Second Motion to Dismiss . . . reiterates the same arguments – which have also been denied – regarding the Plaintiffs' showing of the practice, policy, or custom that gives rise to the claims against Gusman in his official capacity."[11] The Court agrees.

A review of Sheriff Gusman's previous *Motions to Dismiss* and the transcript from the September 2018 hearing demonstrates that all of the arguments raised in the instant motion were raised previously. For example, in the instant *Motion*, Sheriff Gusman suggests that his argument that he was not the "final policymaker" is novel, stating that he "now urges the Court to consider"[12] it. However, Sheriff Gusman's previous *Motion to Dismiss* clearly raised the issue – though not as explicitly or thoroughly as he does herein. Sheriff Gusman's original motion sought dismissal of the official capacity claims against him arguing, *inter alia*, that after the appointment of Gary Maynard, "it is not clear what Sheriff Gusman allegedly could or should have done to provide for Plaintiffs' release."[13] In other words, Sheriff Gusman argued that he lacked the authority to control policy and procedure because of Gary Maynard's appointment. Plaintiffs addressed the argument in their opposition,[14] and the Court heard oral argument on the issue at the hearing.

The Court engaged with Sheriff Gusman's counsel for several minutes on the sufficiency of the "policymaker" allegations.[15] At the close of the hearing, the Court stated:

> To have official capacity responsibility under Section 1983 of the Civil Rights Act, there must be some policy, custom, or practice that has caused the

---

[11] Rec. Doc. No. 113, p. 6.
[12] Rec. Doc. No. 93-1, p. 4.
[13] Rec. Doc. No. 50-1, p. 8-9.
[14] Rec. Doc. No. 58, p. 8.
[15] Rec. Doc. No. 81, pp. 18-22 (Transcript of Hearing).
58875

constitutional violation. A statement, ordinance, regulation, or decision that is promulgated by the municipality's lawmaking officers or an official to whom the lawmakers have delegated policymaking authority. Those are the allegations in this case; that the officials, specifically LeBlanc, Gusman, and the East Carroll Parish Sheriff Williams, have delegated some of those decision-making responsibilities and those implementation of policies and promulgations of policies. The Court finds there are sufficient allegations as to the policymaking of each of the defendants.[16]

In the instant motion, Sheriff Gusman offers no explanation as to why he is entitled to expand upon his argument now, when the Court's oral ruling is already the law of the case. Nor does he provide a legal reason for the Court to reconsider its oral ruling. In short, although Sheriff Gusman denies that it is his intention "to rehash previously addressed arguments,"[17] his motion does just that, albeit in a more lengthy and well-supported fashion. Likewise, with respect to Sheriff Gusman's visitation of his arguments on qualified immunity and Plaintiffs' state law claims, the record is clear that these issues were previously briefed by the parties and ruled on by the Court after oral argument.[18] The Court already considered and denied Gusman's arguments once, finding that the allegations in the *Complaint*, accepted as true, were sufficient to state a claim against Sheriff Gusman. Seeing the same arguments re-urged herein, the Court finds that his *Motion*[19] shall be DENIED.

---

[16] *Id.* at p. 49.
[17] Rec. Doc. No. 93-1, p. 4.
[18] *See* Rec. Doc. No. 81, pp. 50-52.
[19] Rec. Doc. No. 93.

58875

**CONCLUSION**

For the reasons set forth above, Sheriff Gusman's *Motion to Dismiss*[20] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 22, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 93.

58875